# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

WILLIAM A. BAEDER AND H. R. KERN, RESPONDENTS,
v. CHARLES B. BAEDER AND OTHERS, APPELLANTS.

*When an injunction will be granted to restrain the use of a trade-mark.*

APPEAL from an order of the New York Special Term, entered in the office of the clerk of the city and county of New York on July 26, 1888, continuing a preliminary injunction restraining the defendants from selling the goods manufactured by themselves as. and for the goods manufactured by the plaintiffs, and from using, printing or stamping on any flint or sand-paper manufactured by them, or on the packages or coverings thereof, the words "Baeder's Flint Paper," or any words having such a resemblance to the words adopted by these plaintiffs as their business, name and trade-mark, and means of describing the first quality flint paper manufactured by them, to wit, "Baeder's Flint Paper Company, New York Flint Paper."

The court at General Term said: "The affidavits show that large sums of money have been expended by the plaintiffs in establishing the reputation of their flint paper, and that they have adopted for that purpose as a trade-mark the words 'The Baeder Flint Paper Company, New York.' Their first quality of flint paper bears the uniform stamp or mark of 'Baeder's Flint Paper Company Flint Paper,' and is well recognized in the market as paper of first quality and of established reputation.

"The defendants also manufacture flint paper in the city of Philadelphia under the name of Baeder, Adamson & Co. It is shown that there is a practice prevalent among manufacturers to brand the first quality of their paper with the firm name and thus identify themselves with such superior products, while the second quality of flint paper commonly bears a different designation, such as star paper and the like. Some time prior to the month.

of March, 1888, the defendants Baeder, Adamson & Co. had marked their second-rate paper as flint paper manufactured at Riverside Flint Paper Mills, Philadelphia, with the cut of a star under the words 'flint paper.' At or about the last-mentioned time they changed such designation of their second-class paper so it should read as follows: 'Baeder's Flint Paper ✳ Manufactured at Riverside Flint Paper Mills, Philadelphia, No. 1, Warranted.'

" It is asserted on the part of the plaintiffs, and the affidavits in their behalf support such contention, that this close imitation of the plaintiffs' trade name and their mark upon their goods was adopted for the purpose of deceiving the public and turning off upon purchasers a second-class paper which should appear to have been made by the plaintiffs themselves as their first-class paper.

" This is the view taken by the learned judge at Special Term in denying the motion to dissolve the injunction; a perusal of the affidavits satisfies us that a proper case was made by the plaintiffs to restrain the defendants in conducting their business in the manner, as is above enjoined, until the trial of the action.

" It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements."

*John E. Parsons*, for the appellants.

*Mason W. Tyler*, for the respondents.

Opinion by Macomber, J.; Van Brunt, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

JOHN A. WILSON, Respondent, *v.* GEORGE DRAKE SMITH & COMPANY (Limited), and GEORGE DRAKE SMITH, Appellants, Impleaded, etc.

*Validity of a mortgage — given to the owner of land, who subsequently, and a year thereafter, conveys the property to the mortgagor, with covenants of seizen, against incumbrances and of warranty — as against judgment-creditors of the mortgagor.*

Appeal by the defendants from a judgment recovered at the New York Special Term, and entered in the office of the clerk of the county of New York, August 11, 1888.